**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| BANK OF AMERICA, N.A., as | ) |
| successor to Wells Fargo Bank, | ) |
| N.A., as Trustee for the | ) |
| registered holders of GS | ) Civil Action No. |
| Mortgage Securities Corporation | ) 10-11141-NMG |
| II, Commercial Mortgage Pass- | ) |
| Through Certificates, Series | ) |
| 2007-GG10, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| WRT REALTY, L.P., | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

GORTON, J.

## I.  Background

On July 7, 2010, plaintiff Bank of America, N.A. ("BOA"), as

successor to Wells Fargo Bank, N.A. ("Wells Fargo") and as

Trustee for the registered holders of GS Mortgage Securities

Corporation II, Commercial Mortgage Pass-Through Certificates,

Series 2007-GG10 ("the Trust") brought this action against WRT

Realty, L.P. ("WRT") for breach of two loan agreements. Before

the Court is defendant's motion to dismiss or stay filed on

August 31, 2010.

This case arises out of two loan agreements ("the Loan

Agreements") and related guaranty agreements. The first loan

-1-

agreement was executed by Greenwich Capital Financial Products, Inc. ("Greenwich Capital") and the borrowers, National Plaza I Property, LLC, National Plaza II Property, LLC and National Plaza III Property, LLC and has a principal amount of $40,050,000. The second loan agreement was executed by Greenwich Capital and the borrower, 1051 Perimeter Drive Property, LLC and has a principal amount of $16,748,000. The Loan Agreements are primarily secured by commercial property in Schaumburg, Illinois. Pursuant to assignments of leases and rents, the borrowers unconditionally assigned all rents generated by the realty that constitutes the collateral for the loans to Greenwich Capital and its successors and assigns. The notes, mortgages and assignments of leases and rents securing the loans were originally held by Greenwich Capital and were subsequently assigned to Wells Fargo and then to the Trust.

Although the loans are generally non-recourse (meaning that the borrower assumes no personal liability for the debt), sections 1(b), 2(a) and 10.1 of the Loan Agreements provide for the borrowers' personal liability in the event that certain acts or events, known as "recourse liabilities", occur. In connection with the Loan Agreements, WRT executed separate agreements with Greenwich Capital guaranteeing the borrowers' recourse liabilities listed in Section 10.1 of the Loan Agreements ("the Guaranties"). One of the recourse liabilities that is guaranteed

-2-

is post-default rent from the mortgaged properties which is not applied to principal, interest, operating expenses, bankruptcy, receivership or similar judicial proceedings.

Both Loan Agreements are in default due to the borrowers' failure to make payments from March, 2009 onward. The borrowers have apparently retained at least $1,671,423 of post-default rental payments. In November, 2009, a receiver was appointed for the properties and has collected all rents since that time.

In May, 2009, BOA brought suits against the borrowers in the Illinois Chancery Court seeking to foreclose on the four commercial properties ("the Illinois Proceedings"). BOA voluntarily dismissed those actions, apparently due to a problem with the assignment from Wells Fargo to BOA. Bank of Am., N.A. v. National Plaza I Prop. LLC, Nos. 09-Ch-17360, 09-CH-17361, 09-CH-17365, 09-CH-17366 (Ill. Chancery Ct. May, 2009). BOA then purportedly executed new assignments and re-filed its actions in the Illinois Chancery Court in August, 2009. The borrowers refuse to turn over the post-default rents to the Trust until there is a decision by the Illinois Chancery Court.

BOA claims that, as guarantor of the borrowers' recourse liabilities, WRT is personally liable to the Trust for rents received and not applied to the loan debt or operating expenses. On June 16, 2010, BOA sent a demand letter to WRT but got no response. Thus, BOA brings this action for breach of the

-3-

Guaranties and seeks all amounts due. Additionally, BOA maintains that, pursuant to sections 2(c) and 16(b) of the Loan Agreements, WRT is liable for all of the Trust's reasonable attorney's fees and costs related to enforcing its rights under the Loan Agreements.

WRT moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted or, in the alternative, to stay the case until the resolution of the Illinois Proceedings.

## II. Motion to Dismiss

### A. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the

-4-

facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not, however, applicable to legal conclusions. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

## B. Application

WRT does not dispute that BOA has properly alleged all necessary elements for its breach of contact claims. Instead, WRT argues that the case should be dismissed because the assignments presented by BOA are 1) invalid and 2) took place after the default. With respect to WRT's first argument, on a motion to dismiss, the Court need not address the validity of the assignments so long as the plaintiff has adequately alleged that the assignments were properly executed.

With respect to WRT's second argument, an assignee does not have standing to enforce a contract if the assignment took place after the complaint was filed. See IpVenture, Inc. v. Prostar

Computer, Inc., 503 F.3d 1324, 1326 (Fed. Cir. 2007); IndyMac
Bank F.S.B. v. Garcia, No. 7282-2008, 2010 WL 2606498, at *2-3
(N.Y. Sup. Ct. June 22, 2010). That is not a concern here,
however, because BOA has alleged that it was duly assigned the
notes and mortgages before the commencement of this action. The
Court finds, therefore, that BOA has properly alleged standing to
enforce the loan agreements. As an assignee, BOA stepped into
the shoes of its assignor and enjoys all rights the assignor
possessed, including the right to recover pre-existing
contractual liabilities. Cadle Co. v. Nickelson, No. 95 CIV.
5307, 1996 WL 724740, at *3 (S.D.N.Y. Dec. 17, 1996). For that
reason, the defendant's motion to dismiss will be denied.

## III. Motion to Stay

### A.    Motion to Stay Standard

United States District Courts have the discretionary power
to stay proceedings. Landis v. North Am. Co., 299 U.S. 248, 254-
55 (1936). That power "is incidental to the power inherent in
every court to control the disposition of the causes on its
docket with economy of time and effort for itself, for counsel,
and for litigants." Id. at 254. Deciding whether to stay
proceedings involves balancing the interests of the parties and
the Court. Id. at 254-55. A stay is appropriate where it is
"likely to conserve judicial and party time, resources, and
energy." Diomed, Inc. v. Total Vein Solutions, LLC, 498 F. Supp.

2d 385, 387 (D. Mass. 2007).

Pursuant to the Colorado River doctrine, a federal court may stay an action in deference to a related state court action when it

> concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 28 (1983) (citing Colo. River Water Conservation Dist. v. United States, 424 U.S. 800 (1972)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colo. River Water Conservation Dist., 424 U.S. at 813. The federal court should defer to a state court action only in "exceptional circumstances". Id.

## B. Application

WRT argues that this Court cannot rule on its liability until the Illinois Chancery Court rules on BOA's right to receive the rental payments held by the borrowers and receiver. WRT maintains that, under New York law which both parties agree is applicable, if BOA does not prevail against the borrowers, its action against WRT will also fail. Conversely, WRT argues that if BOA prevails against the borrowers, BOA has no claim against WRT because it will have been paid. BOA responds that WRT's guaranties are "absolute and unconditional" and, thus, are not

-7-

dependant upon the outcome in the Illinois Proceedings.

A guaranty agreement must be construed "in the strictest manner". Davimos v. Halle, 35 A.D. 3d 270, 272 (N.Y. App. Div. 2006). The New York Supreme Court, Appellate Division, has stated that an absolute and unconditional guaranty agreement "is independent and stands alone in imposing obligations on the guarantor". Id. Broad "absolute and unconditional" guaranties are enforceable. See Red Tulip, LLC v. Neiva, 44 A.D. 3d 204, 209 (N.Y. App. Div. 2007).

The Guaranties at issue in this case state that:

The obligations of Guarantor hereunder shall be irrevocable, absolute and unconditional, irrespective of the validity, regularity or enforceability, in whole or in part, of the other Loan Documents . . . the recovery of any judgment against Borrower . . . any failure or delay in the enforcement of the obligations of Borrower under the other Loan Documents . . .

Lender may enforce the obligations of Guarantor under this Guaranty by a proceeding at law, in equity or otherwise, independent of any loan foreclosure or similar proceeding or any deficiency action against Borrower . . . . . Guarantor waives . . . any right to require a proceeding first against Borrower[.]

Guaranty of Recourse Obligations Agreements, § 5 (June 11, 2007). Based on that language, the Court finds that the Guaranties unequivocally provide that, in the event of non-payment by the borrowers, WRT's guaranty is enforceable independent of any suit BOA might bring against the borrowers.

Notably, Section 5 of the Guaranties also states, in bold typeface:

> This Guaranty is a guaranty of payment and performance
> and not merely a guaranty of collection.

In a "guaranty of payment" agreement, the guarantor makes an unconditional promise to pay the lender as soon as there is a default by the principal debtor. Phoenix Acquisition Corp. v. Campcore, Inc., 612 N.E. 2d 1219, 1221 (N.Y. 1993) (citing Gen. Phoenix Corp. v. Cabot, 89 N.E. 2d 238 (N.Y. 1949)); Guardsman Lease Plan, Inc. v. Gibraltar Transmission Corp., 494 N.Y.S. 2d 59, 61 (N.Y. App. Div. 1985). The lender may proceed immediately against the guarantor without first attempting to collect the amount due from the principal debtor. Guardsman Lease Plan, Inc., 494 N.Y.S. 2d at 61.

In contrast, a "guaranty of collection" means that the guarantor is obligated to pay the lender only if the lender is unable to collect its debt through legal proceedings against the principal debtor. Id. (citing 57 New York Jurisprudence, Suretyship and Guaranty, section 21). In other words,

> the institution of an action against the principal debtor
> by the creditor, and a failure to collect by such means,
> are conditions precedent to the liability of the
> guarantor.

Id. Here, the Guaranties are explicit and unambiguous that they are guaranties of payment and not collection. Thus, the Court finds that WRT has expressly waived the right to seek a stay of this action pending BOA's suits against the borrowers.

Furthermore, this action is not barred by the doctrine of

-9-

issue preclusion. A claim is barred by issue preclusion only when the issue raised in the second lawsuit is "identical in all respects with that decided in the first proceedings." Diomed, Inc., 498 F. Supp. 2d at 387 (citing Faigin v. Kelly, 184 F.3d 67 (1st Cir. 1999)). The Illinois Proceedings address 1) the receiver's authority to serve as a custodian for the rents collected by the borrowers after default but prior to the appointment of a receiver and 2) whether the receiver may make payments to BOA from the rental proceeds after expenses but before the lender takes possession of the property. In contrast, this action concerns the enforceability of the Guaranties signed by WRT. As discussed above, the Guaranties are independent of the Loan Agreements and are enforceable regardless of the outcome of BOA's suits against the borrowers. Thus, the Illinois Proceedings involve different parties and claims such that the claims here will not be issue precluded by the Illinois Proceedings.

Finally, other federal courts have refused to stay cases between lenders and guarantors which concern the enforcement of independent guaranty agreements in deference to state court actions between lenders and borrowers. Pursuant to the Colorado River doctrine, those courts have held that a stay was inappropriate because such actions seek to recover on different claims and, therefore, are not "parallel". See, e.g.,

-10-

RepublicBank Dallas Nat'l Ass'n v. McIntosh, 828 F.2d 1120, 1121
(5th Cir. 1987) (parallel cases involve "the same parties and the
same issues."); Fofi Hotel Co., Inc. v. Davfra Corp., 846 F.
Supp. 1345, 1351-52 (N.D. Ill. 1994); Bank of N.Y. v. Bin Saud,
628 F. Supp. 474, 476-77 (S.D.N.Y. 1986). As in those cases, the
Illinois Proceedings are not parallel to the case before this
Court and, as such, a stay here would be inappropriate.

## ORDER

In accordance with the foregoing, defendant's motion to
dismiss or stay (Docket No. 9) is **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated March $/\theta$ , 2011